**Ronald L. HASKELL, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

**No. 00–3131.**

United States Court of Appeals, Federal Circuit.

Jan. 16, 2001.

888

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

The Merit Systems Protections Board upheld the denial of Ronald L. Haskell's individual right of action request for corrective action under the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (1989) (codified in scattered sections of 5 U.S.C). Because the Board's decision to deny the request for corrective action was not arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence, this court *affirms*.

I.

In November 1995, Mr. Haskell became the Assistant District Director for Investigations, a Supervisory Criminal Investigator position, GS–13, for the Anchorage, Alaska, office of the Immigration and Naturalization Service (INS). Because he had not served before in a supervisory position, Mr. Haskell was required to serve a probationary period. During the relevant time frame, Jean Hemphill served as the Deputy District Director, and Robert Eddy served as the District Director.

In the summer of 1996, Mr. Haskell allegedly made two disclosures. First, Mr. Haskell reported to District Counsel Dorothy Stefan that an arrested illegal alien was found to be carrying an INS business card of Mr. Eddy, which stated in hand-written notation on the back of the card: "Abraham—Thanks for the T-shirts. Bob." *Haskell v.. Dep't of Justice*, SE–1221–98–0023–W–2, slip op. at 8, 24–25 (MSPB June 18, 1999) (*Haskell*).

Second, according to Mr. Haskell and his wife, Mr. Haskell had a conversation with Ms. Hemphill in the driveway of his home, where he asserted that he believed Mr. Eddy had improperly rented a vehicle for a personal family trip. In particular, Mr. Haskell's wife testified that she overheard Ms. Hemphill responding to Mr. Haskell's assertion by stating that Mr. Eddy's use of a rental vehicle might be improper. *Haskell*, slip op. at 6.

Later that same year, Mr. Haskell attended counseling meetings with Mr. Eddy and Ms. Hemphill, who cautioned Mr. Haskell about his displays of anger. Soon after, via a letter sent by Mr. Eddy, the Department of Justice (DOJ) placed Mr. Haskell on administrative leave. One month later, Mr. Eddy sent another letter to Mr. Haskell, asking him to report for a psychiatric fitness for duty examination in a letter stating: "Although the Service is sympathetic to your problems, your violent temper displays and outburst and your inability to focus on performance issues is of great concern." One day after the psychiatric examination, DOJ terminated Mr. Haskell's supervisory probation, and subsequently reassigned him as a Criminal Investigator, GS–13.

Mr. Haskell appealed his reassignment to the Board, claiming that he was subjected to the psychiatric fitness for duty examination and demoted to a non-supervisory position in retaliation for his two alleged protected disclosures. The administrative judge found that Mr. Haskell made one protected disclosure (*i.e.*, giving Mr. Eddy's business card to Ms. Stefan) and that it was a contributory factor in the termination of his supervisory probation

and his referral for a psychiatric fitness for duty examination. *Haskell,* slip op. at 1–2, 19.

The administrative judge also found, however, that DOJ established by clear and convincing evidence that it would have taken the same action with regard to Mr. Haskell in the absence of his disclosure. *Haskell,* slip op. at 2. Consequently, Mr. Haskell's request for corrective action was denied. The full Board denied petitions by both Mr. Haskell and DOJ for review, and issued a final order. *Haskell v. Dep't of Justice,* SE–1221–98–0023–W–2 (MSPB October 29, 1999). Mr. Haskell timely appeals to this court under 5 U.S.C. § 7703(b)(1) (1994).

## II.

■ This court must affirm any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). On appeal to this court, Mr. Haskell asserts that the Board erred by: (a) discounting the testimony of Mr. Haskell's wife on the basis of a familial-pecuniary interest; and (b) failing to address the testimony of a previous INS Deputy District Director, Norbert Lague, regarding an alleged pattern of whistleblowing retaliation by Mr. Eddy.

■ As stated in *Wright v. United States Postal Serv.,* 183 F.3d 1328, 1333 (Fed.Cir.1999), a familial interest, while relevant, is not sufficient to disregard a witness' testimony. Mr. Haskell contends that the administrative judge discredited Mrs. Haskell's testimony regarding an alleged conversation between Mr. Haskell and Ms. Hemphill based on a familial-pecuniary interest.

The administrative judge did not, however, discredit Mrs. Haskell's testimony simply because she was Mr. Haskell's husband. In his Initial Decision, the administrative judge pointed to five different reasons for finding Ms. Hemphill's testimony (where she denied having a conversation regarding Mr. Eddy in the Haskell's driveway) more credible. *Haskell,* slip op. at 6–7. Only one of the five reasons cited by the administrative judge addressed Mrs. Haskell's familial interest–the second reason stated, *inter alia,* "the appellant and, by association, his wife, would enjoy greater career possibilities if the termination of supervisory probation were removed from his record." *Id.* at 7. Because familial interest was not the only factor considered in discrediting her testimony, the administrative judge did not abuse his discretion by considering Mrs. Haskell's familial interest as a relevant factor in ascertaining credibility.

Mr. Haskell also asserts that the administrative judge erred by failing to address in his decision Mr. Lague's testimony regarding an alleged pattern by Mr. Eddy of retaliation against whistleblowing. Mr. Haskell also suggests that the administrative judge may have failed to evaluate Mr. Lague's testimony altogether, in violation of Federal Rules of Evidence.

As noted by Mr. Haskel in his brief, the administrative judge admitted the testimony of Mr. Lague at the hearing. Thus, Mr. Lague's testimony was before the administrative judge and, as stated in the Initial Decision, the administrative judge "considered the evidence of record, including the testimony adduced at hearing" in making his decision. *Haskell,* slip op. at 1.

Mr. Haskell contends that the failure by the administrative judge to address the testimony of Mr. Lague was error because

**890**

that testimony was significant in what was an "enormously difficult" credibility call. Moreover, according to Mr. Haskell, the administrative judge concluded that Mr. Eddy had some motivation to retaliate, but not a particularly strong one, *id.* at 30, and the administrative judge relied significantly on Mr. Eddy's testimony in concluding that DOJ proved by clear and convincing evidence that it would have taken the same action with Mr. Haskell regardless of his disclosure.

██ The administrative judge, however, did not rely exclusively on Mr. Eddy's testimony in concluding that DOJ would have taken the same action regarding Mr. Haskell. For example, the administrative judge relied on testimony from other witnesses, such as Ms. Hemphill, who "has been retired from the agency for some time, and can neither reap a benefit by protecting Mr. Eddy, nor suffer a harm for participating in reprisal against the appellant." *Id.* at 6, 33. In addition, the administrative judge relied on Mr. Haskell's own statements, a psychiatrist's report based on Mr. Haskell's fitness for duty examination, memoranda written by Ms.

Hemphill and other DOJ employees who interacted with Mr. Haskell, as well as other information in the record regarding an alleged failure by Mr. Haskell to provide supervisory oversight. Thus, this court finds that substantial evidence supports the administrative judge's conclusion that DOJ submitted clear and convincing evidence that it would have terminated Mr. Haskell's probation in the absence of his disclosure.

### III.

Mr. Haskell has not shown that the Board's decision was arbitrary or capricious, or that it involved an abuse of discretion or was otherwise not in accordance with relevant laws, rules, and regulations. Because substantial evidence supports the Board's decision to deny the request for corrective action, this court affirms.